UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| D.E., et al., | : | Civil Action No. 04-5280 (MLC) |
| Plaintiffs, | : | |
| v. | : | M E M O R A N D U M |
| | : | O P I N I O N |
| NORTH HUNTERDON-VOORHEES REGIONAL HIGH SCHOOL DISTRICT, | : | |
| Defendant/ Counterclaim Plaintiff, | : | |
| | : | |
| NORTH HUNTERDON-VOORHEES REGIONAL HIGH SCHOOL DISTRICT, | : | |
| Third-Party Plaintiff, | : | |
| v. | : | |
| BROWN & BROWN INSURANCE, | : | |
| Third-Party Defendant. | : | |

**HUGHES, U.S.M.J.**

This matter comes before the Court upon Motion by Third-Party Defendant, Brown & Brown Insurance ("Brown & Brown"), for leave to file a Fourth-Party Complaint against Riker Danzig Scherer Hyland & Perretti, LLP, ("Riker Danzig"), attorneys for Defendant/Counterclaim Plaintiff, North Hunterdon-Voorhees Regional High School District ("District") [Docket entry #10], returnable May 2, 2005. Specifically, Brown & Brown seeks to

amend its Answer to add a Fourth-Party Complaint naming the District's counsel as a direct party to this matter. Riker Danzig opposed the Motion. The Court has reviewed the papers submitted by the parties and conducted oral argument on May 4, 2005. For the reasons stated below, Third-Party Defendant's Motion to file a Fourth-Party Complaint against Riker Danzig is denied without prejudice.

**I.     BACKGROUND AND PROCEDURAL HISTORY**

In October 2002, Plaintiffs filed a special education Due Process petition against the District seeking various forms of relief on behalf of their child. In November 2002, Kevin O'Connor, an attorney with Riker Danzig at that time, spoke by telephone with a representative from the Turner Group and put them on notice of the underlying matter and the potential for Plaintiffs to seek attorneys fees. O'Connor Cert. at ¶ 3. Mr. O'Connor again contacted the Turner Group on April 29, 2003 with the purpose of reiterating the notice. *Id.* at ¶ 4. It was during this conversation that the Turner Group informed Mr. O'Connor that they were no longer the insurance broker for the District, and that he should contact the appropriate insurance broker, Brown & Brown. *Id.* at ¶ 5. On April 30, 2003, Mr. O'Connor faxed a letter to Brown & Brown, placing it on notice of both the underlying matter and the attorneys fees issue. *Id.* at ¶ 6. According to Mr. O'Connor, when he received no confirmation, he called and discussed the matter with a Mr. Ortiz at Brown & Brown on June 23, 2003. *Id.* at ¶ 7. Mr. O'Connor further states that during this telephone call he informed Mr. Ortiz that he was unsure of the appropriate insurance carrier for the District and indicated that the District carrier might have changed from Selective Insurance to the New Jersey School Boards Association Insurance Group for the 2002-2003 policy year. *Id.* at ¶ 8. Mr. O'Connor lastly indicates that Mr. Ortiz confirmed during this

telephone call that if notification was faxed to Brown & Brown, he would submit the notice to the appropriate carrier. Accordingly, Mr. O'Connor faxed the letter to Mr. Ortiz on June 23, 2003 and included within it, a conformation of their telephone conversation. *Id.* at ¶ 9-10.

Ultimately, of course, Plaintiffs filed the instant action in October 2004 and on November 29, 2004, the District filed a Third-Party Complaint against Brown & Brown. Brown & Brown filed its Answer to the Complaint on December 28, 2004, including its separate defenses and a Counterclaim against the District. On January 13, 2005, the District filed its Answer to the Counterclaim. Finally, the present Motion for leave to add a Fourth-Party Complaint to add Riker Danzig as a party to this litigation was filed on April 8, 2005.

    **A.**    **Third-Party Defendant's Motion to Amend its Answer**

In this matter, Brown & Brown seeks to amend its Answer to add a Fourth-Party Complaint naming Riker Danzig as a direct party to this matter. Brown & Brown argues that the proposed Complaint "alleges facts that make Riker Danzig 'primarily' liable for the [P]laintff's damages entitling Brown & Brown to contribution and indemnification." 3rd Party Def.['s] Ltr. Br. at 2. Brown & Brown claims that "[i]f any liability is attributed to Brown & Brown it is only because the negligent actions of Riker Danzig gave rise to it." *Id.* Brown & Brown further argues that if it "had an obligation to put a carrier on notice or failed to advise the school district that it was not its agent for purposes of the D.E. claim, the duty was established only because Riker Danzig contacted Brown & Brown." *Id.*

    **B.**    **Riker Danzig's Opposition**

In response, Riker Danzig argues that "[i]t was Brown & Brown who had a duty to the District – Riker owed no duty to Brown & Brown, and cannot be held accountable for

contribution for a matter that Brown & Brown assumed to undertake – notification to the carrier." Riker Danzig Ltr. Br. at 7. Riker Danzig asserts that "[t]he only obligation Riker ever undertook was to communicate the claim to the insurance broker, which both Brown & Brown and the Turner Group represented to be Brown & Brown. *Id.* at 8. Riker Danzig further argues that "[t]here is not a scintilla of evidence that Riker undertook the obligation to inform an insurance carrier of the pendency of the Claim – that duty was solely within the province of the District's insurance broker – Brown & Brown." *Id.* at 8-9. Finally, Riker Danzig asserts the premise that "Brown & Brown cannot legally shift responsibility to Riker for notifying the insurance carrier when it was Brown & Brown's obligation to undertake that task in the first place." *Id.* at 11.

## II.     DISCUSSION AND ANALYSIS

### Motion to Amend and Futility

The determination of a motion to amend falls within the discretion of the trial court and is guided by Rule 15(a). *See Foman v. Davis*, 371 U.S. 178, 182 (1962). FED. R. CIV. P. 15(a) provides " a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." The United States Supreme Court has articulated this standard in *Foman*, which states, in relevant part:

> In the absence of any apparent or declared reason - such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the amendment, futility of amendment . . . , the leave sought should, as the rules require, be freely given.

*Foman*, 371 U.S. at 182.

The Third Circuit Court of Appeals regards the possibility of prejudice to the nonmoving party as the "touchstone for the denial of the amendment." *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993) (*quoting Cornell & Co., Inc. v. Occupational Safety and Health Review Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978)).

Furthermore, a motion for leave to amend may be denied "if amendment is futile." *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000) (citing *Smith v. NCAA*, 139 F.3d 180, 190 (3d Cir. 1998), *rev'd on other grounds*, 525 U.S. 459 (1999)). "An amendment is futile if the amended complaint would not survive a motion to dismiss for failure to state a claim upon which relief could be granted." *Id.*

To determine if an amendment would be futile, the court should apply the same standard of legal sufficiency as would be applied to a 12(b)(6) motion. *See In re Burlington Coat Factory Sec. Litig.*, 114 F. 3d 1410, 1434 (*citing Glassman v. Computervision Corp.*, 90 F.3d 617, 723 (1st Cir. 1996)). When considering a motion to dismiss pursuant to 12(b)(6), the court should take all allegations as true and consider them in the light that is most favorable to the plaintiff. *See Brown v. Phillip Morris Inc.*, 250 F.3d 789, 795 (3d Cir. 2001).

In the present matter, with the facts as set forth in both the papers and during oral argument, the Court finds no legal basis for Brown & Brown's Fourth-Party Complaint against Riker Danzig. First, Brown & Brown argues that because it was not the District's broker at the time Mr. O'Connor was sending notification letters, Riker Danzig incorrectly placed it on notice, thereby making Riker Danzig liable for contribution. Logic – and tort law – dictate that if Brown & Brown was not the District's broker, then it has a valid defense against the District and thus no basis to seek contribution from Riker Danzig. *See* N.J.S.A. 2A:53A-1 (Definition of "Joint

Tortfeasors" under New Jersey's Contribution Act).

Secondly, if in fact Brown & Brown was the District's broker at the time of Mr. O'Connor's notification letters, then it cannot "pass off" its responsibility to the District to Riker Danzig. The law is clear that it is the broker who acts on behalf of the insured, not the attorney notifying the broker. *See Sylvan Learning Systems, Inc. v. Gordon*, 135 F. Supp.2d 529, 539 (D.N.J. 2000). Accordingly, this argument also appears futile.

Lastly, Brown & Brown argues that the O'Connor letters unnecessarily involved Brown & Brown and may give rise to some affirmative duty on its part to advise the District that it was not the broker when it otherwise would have no obligation to the District. Brown & Brown argues that as a result, Riker Danzig is jointly and/or severally liable for having involved it in the matter at all. The Court finds that this argument, like the others proffered by Brown & Brown, neglects the fundamentals of tort law – in essence seeking contribution for a self-imposed duty from an entity, the law firm, that owes no duty of care to Brown & Brown.

### III.   CONCLUSION

For the reasons set forth herein, Third-Party Defendant's Motion for leave to file a Fourth-Party Complaint against Riker Danzig Scherer Hyland & Perretti, LLP is denied without prejudice. At the present time, in the midst of discovery, the Court finds that Brown & Brown has failed to establish a claim upon which relief could be granted with regard to Riker Danzig. An appropriate Order accompanies this Memorandum Opinion.

Dated:  May 10, 2005